UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TRUSTEES OF THE NATIONAL RETIREMENT
FUND,

                Plaintiff,

-against-

WILDWOOD CORPORATION d/b/a ENBEE
PLASTICS, INC. as successor by merger with
ENBEE TRANSPARENT SPECIALTY
COMPANY, et al.

                Defendants.
----------------------------------------------------------------X

11-cv-06287 (NSR)(LMS)
OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

    Trustees of the National Retirement Fund ("Plaintiff") filed this action against Wildwood Corporation and John Does 1-10 ("Defendants") on September 8, 2011 for withdrawal liability under the Employee Retirement Income Security Act ("ERISA") and seeking equitable relief restraining Defendants from transferring, assigning, or otherwise disposing of assets. Before the Court are Defendants objections to Magistrate Judge Smith's Decision and Order issued on December 17, 2013 ("December Order"), which partially granted Plaintiff's motion to amend its Complaint. The Court assumes familiarity with the December Order. For the following reasons, the Court denies Defendants' objections to the December Order.

I.     **Legal Standard**

    Under 28 U.S.C. §636(b)(1)(A), a district court may refer certain non-dispositive pretrial matters pending before the court to a magistrate judge for determination. A motion to amend the complaint is considered a non-dispositive motion. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *accord Reid v. St. Luke's-Roosevelt Hosp. Ctr.*, 94 Civ. 4676 (KMW), 1995 WL



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2014

1

125387, at *1 n.1 (S.D.N.Y. 1995) ("[I]t is well established that motions to amend generally are viewed as non-dispositive motions.").[1] When a party submits objections to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A). A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal citation omitted). "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. 2009) (citing *Cagle v. Cooper Cos., Inc.*, 91 Civ. 7828(HB), 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996)).

---

[1] Defendants argue that the standard of review should be de novo because by allowing the Plaintiff to amend its complaint to assert a new claim and add a party under the relation back doctrine, Judge Smith has essentially stricken Defendants' statute of limitations affirmative defense. The Court recognizes that courts in this Circuit have treated motions to amend as dispositive in the past, *see, e.g.*, *Covington v. Kid*, No. 94 Civ. 4234(WHP), 1999 WL 9835 (S.D.N.Y. Jan. 7, 1999). However, as the court in *Point 4 Data Corp. v. Tri-State Surgical Supply & Equipment Ltd.*, No. 11 CV 726(CBA)(RLM), 2012 WL 3306612 (E.D.N.Y. Aug. 13, 2012) pointed out, these cases all pre-date the Second Circuit's decision in *Fielding v. Tollaksen*, 510 F.3d 175 (2d Cir. 2007). The Second Circuit in that case stated, "As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent. 28 U.S.C. § 636; Fed. R. Civ. P. 72(a). . . . The rule also provides that '[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'" *Id*. at 178. Although the holding of *Fielding* dealt with the jurisdiction of the Second Circuit in reviewing the magistrate judge's order, courts in this Circuit have since treated motions to amend as dispositive. *See Point 4 Data Corp*, 2012 WL 3306612, at *1 ("treating motions to amend as nondispositive comports with the magistrate judge's statute, *see* 28 U.S.C. § 636(b)(1)(A) (enumerating dispositive matters subject to de novo review and not including motions to amend), as well as the pronouncements of other Courts of Appeals to have addressed the question."); *Bridgeport Music, Inc. v. Universal Music Group. Inc.*, No. 05 Civ 6430(VM), 2008 WL 465072, at *1 (S.D.N.Y. Feb. 15, 2008) (the "weight of opinion appears to favor treating [motions to amend a complaint, including those adding a party] as nondispositive").

This standard affords magistrate judges "broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal quotation omitted). Accordingly, "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843, 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

## II.     Discussion

Magistrate Judge Smith's December Order granted Plaintiff's motion to amend the complaint to add a defendant, Dale Bizily, and to add an "evade and avoid" claim against Defendants Bizily and Wildwood. In its motion to amend, Plaintiff also sought to add additional defendants Christina Bizily and Matthew Moir. Judge Smith denied this part of Plaintiff's motion without prejudice. Judge Smith acknowledged (and the parties seem to agree) that the new claim would be time-barred by the ERISA six year statute of limitations, but found that the claim related back to the filing of the original complaint under the relation back doctrine, Fed. R. Civ. P. 15(c).

Added claims are deemed to relate back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Where the amendment seeks to add additional parties, Fed. R. Civ. P. 15(c)(1)(B) must be satisfied, and in addition, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment [must have] (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Defendants object to the finding that the conduct of the new claim arises from the same conduct, transaction, or occurred in the original complaint. On this point, Judge Smith relied on *I.L.G.W.U. Nat'l Ret. Fund v. Meredith Grey, Inc.*, 190 F.R.D. 324 (S.D.N.Y. 1999), a case that found that an "evade or avoid" claim not asserted in the original complaint related back to the original complaint because it arose out of the same conduct, transaction, or occurrence as the original claim for withdrawal liability. The court in *Meredith Grey* found that although the "evade or avoid" claim was a "novel legal theory, it [was] still based on the same series of transactions and occurrences under which the original claim arose." *Id*. at 329. Judge Smith found this case to be analogous in that the "evade or avoid" claim stemmed from the same transactions or occurrences as the original complaint, which is that Wildwood failed to satisfy its withdrawal liability. The Court does not find Judge Smith's conclusion to be clearly erroneous or contrary to law.

Next, Defendants object to Judge Smith's determination that Dale Bizily had notice of this lawsuit. Judge Smith held that Mr. Bizily was on notice because the original complaint was mailed to Mr. Bizily and he was cc'ed on various correspondence sent to Plaintiffs' counsel following the commencement of the action. Judge Smith found that based on this, and a concession during oral argument by defense counsel that Mr. Bizily was aware of the lawsuit, the notice prong of Fed. R. Civ. P. 15(c) was satisfied. Defendants object on the basis that the notice requirement provides that the new party must have notice of the new claim – here, the "evade and avoid" claim. This is incorrect. Rule 15(c)(1)(C) states that notice must be "of the action" not of the claims to be made in the amended complaint. Indeed, because relation back requires that the claims arise out of the same transaction or occurrence, a person on notice of the lawsuit will also ostensibly have notice of the claims arising from that same transaction or occurrence.

4

The Court finds the reasoning of Judge Smith to be sound and does not find error, clear or otherwise.

Finally, Defendants object to the finding that Dale Bizily knew or should have known that the action would have been filed against him but for a "mistake." Here, Judge Smith relied on *Krupski v. Costa Corciere S.p.A.*, 560 U.S. 538 (2010), in which the Supreme Court clarified the circumstances under which a party may claim a "mistake." The Supreme Court stated that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading." *Id.* at 541. Judge Smith held that although Plaintiffs were aware of the existence of the individual defendants' existence, it was not until discovery was conducted that they became aware of the role that those individuals played in the conduct giving rise to the "evade or avoid" claim. This is consistent with case law interpretation of *Krupski. See, e.g.*, *In re Mission Constr. Litig.*, Nos. 10 Civ. 4262(LTS)(HBP), 10 Civ. 9344(LTS)(HBP), 11 Civ. 1565(LTS)(HBP), 2013 WL 4710377, at *8 (S.D.N.Y. Aug. 30, 2013) ("According to [plaintiff], it was not aware of LMW's role and potential liability until discovery began in this action . . . . It was only upon receiving these documents [in discovery] that [plaintiff] understood the role that LMW played in connection with the renovation of the Building and its alleged involvement in the Accident. Under *Krupski*, this sort of misunderstanding constitutes a mistake within the meaning of Rule 15(c)."); *Oladokun v. Ryan*, 06 Civ. 2330(KMW), 2011 WL 4471882, at *8 (S.D.N.Y. 2011) ("Smith, who was well aware of the role he and Ryan played under SUNY Maritime's rules, should have known that, but for [plaintiff]'s misunderstanding of Ryan and Smith's roles in his disenrollment, [plaintiff] would have sued Smith in his individual capacity instead of Ryan."); *Abdell v. City of New York*, 759 F. Supp. 2d 450, 457 (S.D.N.Y. 2010) ("The most logical

5

explanation for [plaintiffs'] failure to name Galati in the original Complaint is that Plaintiffs misunderstood his role in the arrest decision giving rise to their claim. Accordingly, the Court holds that Plaintiffs committed a mistake within the meaning of Rule 15(c) as modified by the Krupski decision."). Defendants contend that Judge Smith improperly applied *Krupski* to this case. The Court disagrees and finds that there was no error in the application of *Krupski*.

### III. Conclusion

In conclusion, the Court finds that Judge Smith's opinion was not clearly erroneous or contrary to law and therefore denies Defendants' objections to the December Order.

Dated: May 12th, 2014
White Plains, New York

SO ORDERED:

_____ 5/12/14
NELSON S. ROMÁN
United States District Judge

6